## No. 11,699.

### STATE EX REL. EVERSHED VS. THE JUDGES OF THE COURT OF APPEALS.

This court will not, by writs of *mandamus* or *certiorari*, review orders or decrees of the lower court made months before any application here.

APPLICATION for a *Mandamus*.

---

*Farrar, Leake & Lemle* for Relator.

---

Respondents *in propria persona*.

---

The opinion of the court was delivered by

MILLER, J.   The relator, defendant in a suit in the Civil District Court, was adjudged to pay the amount claimed.   Before appealing to the Court of Appeals he applied for a statement of facts.   He alleges the judge of the lower court required the submission of statement to the plaintiff acting as his own counsel—counsel then absent from the city.   The petitioner further alleges that on plaintiff's return he furnished his memoranda or statement to the judge, who thereupon gave a statement of facts.   But the judge's statement was not signed until the 16th November, 1893, nearly two months after the appeal was granted.   The Court of Appeals dismissed the rela-

tor's appeal on the ground the statement was not signed before the appeal. The relator then obtained a devolutive appeal, annexing the statement with the petition for the appeal requesting the judge would make it part of the record. This the judge declined, as he had already signed a statement. The devolutive shared the fate of the first appeal. We are informed by relator's petition that during the pendency of the devolutive appeal he asked for a *mandamus* commanding the judge of the lower court to sign a statement for that appeal and the *mandamus* was refused. The dates of the dismissals of the appeals were respectively January 9 and April 15, 1894. The present application near the close of the year is for a *certiorari* and *mandamus* of this court commanding the Court of Appeals to hear and determine the devolutive appeal on the statement furnished by the judge for the first appeal.

If the relator had any cause of complaint when the first appeal was dismissed in April, 1894, he should then have applied to this court. That appeal was dismissed because the statement was filed too late. It is indispensable the statement be procured before the appeal; if after, the delay is fatal to the appeal. Code of Practice, Arts. 603, 604; Syndic of Hellis vs. Asselvo, 3 Martin Reports, 204; LeBlanc vs. Broussard's Heirs, 16 La. Reports, 137. The relator's explanation of the delay is, that the judge of the lower court, presented with the statement, required it should be submitted to the opposite party. The law requires it should be presented first to the opposite counsel.

The relator's further explanation is that the opposite counsel was absent. If there was any force in the explanation, then a *mandamus* should have been sought to compel the lower court to sign the statement. After the first dismissal there was the devolutive appeal. If the judge of the lower court could have been required by this court to make another statement for that appeal, the application for the exercise of our supervisory jurisdiction should have been made prior to April, 1894, when that appeal was dismissed by the Circuit Court of Appeals. We can not issue writs of *mandamus* and *certiorari* to correct supposed wrongs under decrees or orders of the lower courts made months before the application is made to us.

The relator's application is therefore refused.

Rehearing refused.